UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 1:19-CR-025-GJQ

      v.                                   GOVERNMENT'S INITIAL PRETRIAL
                                         CONFERENCE SUMMARY STATEMENT

MUSE ABDIKADIR MUSE,
   a/k/a ALI ALMUHAJIR,
MOHAMED SALAT HAJI,
   a/k/a SALAMUJAHID ALMUHAJIR, and
MOHAMUD ABDIKADIR MUSE,
   a/k/a ABU OSAMA ALMUHAJIR,

      Defendants.            /

**I.**    **DISCOVERY**

A.    <u>Statements of Defendant</u>

    1.    <u>Oral Statements [Rule 16(a)(1)(A)]</u>

    ☐    There are no written records of oral statements or other oral statements as defined in Rule 16(a)(1)(A).

    ☒    There are the following written records of oral statements:

    1/21/19 post-arrest interviews (all three defendants)

    the substance of which
    ☐ has been disclosed to defense counsel
    ☒ will be disclosed to defense counsel upon completion of FBI reports.

    2.    <u>Written or Recorded Statements [Rule 16(a)(1)(B)]</u>

    ☐    There are no written or recorded statements or grand jury testimony of defendant.
    ☒    There are the following written or recorded statements or grand jury testimony:

    Facebook written / audio / video communications (all three defendants)
    Audio / video communications from 12/14/18 and 1/15/19
        (Muse Muse & Mohamed Haji)
    Handwritten statement (Muse Muse) from 1/21/19
    Phone calls (approx. 2) between Mohamed Haji and UCE-3 in 2018-2019.

    All written or recorded statements
    ☐ have been disclosed to defense counsel
    ☒ will be disclosed to defense counsel upon receipt by
    government counsel (Muse Muse statement in detention hearing exhibit book).

B.  Defendant's Prior Record [Rule 16(a)(1)(D)]

☒ The government has made due inquiry and is not aware of any prior criminal record relating to Mohamud Muse and Muse Muse.  Ongoing positive results will be forwarded upon receipt.
☒ The government will disclose defendant Mohamed Haji's prior criminal history by February 4, 2019.
☐ The government is now making inquiry into defendant's prior criminal history. The results will be disclosed to defense counsel upon receipt.

C.  Documents and Tangible Objects [Rule 16(a)(1)(E)]

☐ The government has no documents, tangible objects, or physical evidence required to be disclosed.
☒ The government has the following documents, tangible objects, and physical evidence:
☐ Controlled Substances:
☐ Drug Paraphernalia:
☒ Records: Various reports of investigation and interview.
☐ Drug Records:
☐ Firearms:
☐ Inventory (attached)
☒ Other:  Clothing items (Muse Muse), electronic devices (all three defendants), passport (Muse Muse), paper records (all three defendants).

☒ The government voluntarily notifies the defendant of the following search warrants issued and the warrant returns:
☐ State
☒ Federal  (list case number and caption)
- Facebook (Mohamud Muse) - 17 MJ 303
- Facebook (Mohamud Muse) - 18 MJ 23
- Facebook (Muse Muse) – 18 MJ 150
- Facebook (Mohamed Haji) – 18 MJ 302
- Facebook (Muse Muse) – 18 MJ 374
- Facebook (6 accounts, all three defendants) – 19 MJ 1
- Lansing residence (Mohamud Muse & Muse Muse) – 19 MJ 29
- Cell Phones (all three defendants) – 19 MJ 30
- Car & Phone at Airport (Mohamud Muse, possibly also relating to Mohamed Haji and Muse Muse) – 19 MJ 31
- Airport Luggage (Muse Muse) – 19 MJ 32

☐ They have been made available for inspection and copying by defense counsel.
☒ Defense counsel should make arrangements with FBI SA Paul Dunham

D.  Reports of Examinations and Tests [Rule 16(a)(1)(F)]

☐ The government has no reports of examinations or tests required to be disclosed by Rule 16.
☒ The government has or expects to have reports of the following examinations and tests:

☐ Drug Analysis ☐ Handwriting ☐ Fingerprints
☐ DNA ☐ Firearms/Nexus ☐ Gun Operability
☒ Computer Forensics ☒ Other – Phone forensics, audio/video forensics

E. Reciprocal Discovery

☒ The government seeks reciprocal discovery.

F. Notice Under FRE 404(b)

☐ The government does not presently intend to introduce 404(b) evidence.
☒ The government does presently intend to introduce the following 404(b) evidence:
- Evidence of other similar acts or communications in support of ISIS, jihad, travel abroad in support of ISIS, domestic attacks, and torture/killings of non-Muslims in the United States and elsewhere, all prior to the conspiracy start date.

☒ The government will provide pretrial notice of any additional 404(b) evidence by two weeks before the final pre-trial conference.

G. Other Discovery Matters:  N/A

## II. TRIAL

A. The government requests a ☒ jury ☐ non-jury trial.

B. Length of trial excluding jury selection is estimated at    10    days

## III. MISCELLANEOUS

☐ This case may be appropriate for expedited resolution.
☒ The government is unaware at this time of any known conflict with defendant's representation by counsel. The United States will immediately advise counsel if any such conflict becomes known.
☐ The government is aware of the following potential conflict(s):
☒ Government's plea negotiation policy: No concessions within 2 weeks of final pre-trial conference date.

Date: January 31, 2019                    Clay M. West                                                      .
                                          Assistant United States Attorney