UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MUSE ABDIKADIR MUSE,
   a/k/a ALI ALMUHAJIR,
MOHAMED SALAT HAJI,
   a/k/a SALAMUJAHID ALMUHAJIR, and
MOHAMUD ABDIKADIR MUSE,
   a/k/a ABU OSAMA ALMUHAJIR,

        Defendants.
_____/

No. 1:19-CR-25

Hon. Gordon J. Quist
U.S. District Judge

**PROTECTIVE ORDER**
**GENERAL AND SENSITIVE DISCOVERY MATERIALS**

    1.    Whereas the parties have a compelling interest in preventing certain sensitive discovery materials, to include declassified material[1] and any actual or cover name, identifier, or online account name used by any Undercover Employee ("UCE") (collectively "Sensitive Discovery Materials"), from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of Defendant(s) and third parties;

    2.    Whereas the government seeks to tender to Defendants certain Sensitive

---

[1] As used herein, the term "Declassified Material" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the government to defense counsel as part of discovery in this case.

1

Discovery Materials;

3. Whereas the Court has the power under Rules 16(d)(1) and 26.2 of the Federal Rules of Criminal Procedure to grant appropriate relief to the parties where required in the interests of justice;

4. Therefore, it is hereby ordered pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to Defendants and their respective counsel into two categories:  (1) <u>General Discovery Materials</u> and (2) <u>Sensitive Discovery Materials</u>.  The category to which particular discovery materials belong shall be clearly identified by the government.

5. Except as provided below, <u>General Discovery Materials</u> shall not be further disseminated[2] by Defendant(s) or his respective counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, Defendant(s), and secretarial staff) (ii) experts (including testifying experts) retained to assist in the preparation of the defense, and (iii) Defendant(s)' immediate family.  Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

---

[2] "Disseminated" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

6.      <u>Sensitive Discovery Materials</u> shall not be further disseminated by Defendant or their counsel of record to any individuals, organizations, or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, Defendant(s), and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for Defendant(s) or co-counsel may not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses. Defendant(s) may seek relief from these provisions as to a particular item or items of discovery by first meeting with government counsel to resolve the issue.   If agreement cannot be reached, Defendant(s) may provide notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal.   No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the government regarding any dissemination requests pursuant to this paragraph.

7.      <u>Use of Sensitive Information in Court Filings and Open Court.</u> Nothing in this Order shall restrict use by Defendant(s)' counsel of Sensitive Discovery Materials or information contained therein during Defendant(s)' investigation of the allegations and preparation of their defense or introduction as evidence at trial, except that any documents,

3

papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated Sensitive Discovery Materials in open Court without prior consideration by the Court.

       8.       <u>Protection of UCE Identifiers</u>. If any information about the actual or cover name, identifier, or online account name of any UCE is included in any discovery materials, the following protections will apply:

       a.       Defendants and their respective counsel will not publicly disclose the actual or cover name, identifier, or online account name of any UCE in any pretrial filing or at any pretrial hearing in open court.

       b.       Defendants and their respective counsel will not disseminate any information about any UCE except to (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, Defendant(s), and secretarial staff); and (b) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a

copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of the counsel of record or co-counsel.

        c.     All audio recordings and documents in which a UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any UCE may be copied or reproduced only following notice to, and coordination with, the prosecution, and only for use by members of the defense team, and may only be provided to further the legitimate investigation and preparation of this case.

    9.    <u>Filing of documents</u>.  Any documents or filings to be served upon the Court that contain Sensitive Discovery Materials, to include quotations or summarized use of information from the Sensitive Discovery Materials, will be filed under seal with the Court.

    10.    All discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government. Within 90 days of any final judgment in this case by the later of: i) the sentencing of Defendant, ii) Defendant(s)' appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, Defendants and their respective counsel shall return to the United States all documents designated sensitive – except audio recordings in which a UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any UCE – and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. All audio recordings in which a UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the

5

actual or cover name, identifier, or online account name of any UCE, and any copies thereof, shall be returned to the United States.   Defense counsel reserve the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, defense counsel may maintain work product containing Sensitive Discovery Materials subject to the protections of this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

11. <u>No Waiver</u>. The failure to designate any materials as Sensitive Discovery Materials as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

12. <u>No Ruling on Discoverability or Admissibility</u>. This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

13. <u>Unauthorized Disclosure</u>. Should any Sensitive Discovery Materials be disclosed in a manner not authorized by this Protective Order by Defendant(s), defense counsel, or a non-party retained by Defendant(s) for purposes of the litigation, then defense counsel shall use his or her best efforts to obtain the return of any such Sensitive Discovery Materials and to bind the recipient of Sensitive Discovery Materials to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the recipient.

14. Defense counsel in receipt of Sensitive Discovery Materials may only make

copies of the Sensitive Discovery Materials in accordance with this Order. Defense counsel shall not remove from any copies of either General Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission."

15. All discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing Defendant(s) to prepare his defense.

16. No party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

17. Counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place.

18. Nothing in this Order shall preclude the government or Defendant(s) from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material, or for Defendant(s) to challenge the government's determination of certain evidence as "Sensitive Discovery Material."

19. This order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

20. <u>Non-termination</u>. This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

IT IS SO ORDERED, this  20th  day of February, 2019.

                                            /s/ Phillip J. Green
                                            United States Magistrate Judge