UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MUSE ABDIKADIR MUSE,
     a/k/a ALI ALMUHAJIR,

       Defendant.
                                       /

Case No. 1:19-cr-25

Hon. Gordon J. Quist
United States District Judge

**DEFENDANT MUSE ABDIKADIR MUSE'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDER REGARDING REPRESENTATION**

Now comes the defendant, Muse Abdikadir Muse, by and through his attorney, Sharon A. Turek of the Federal Public Defender Office, and submits the following response to the Court's February 28, 2019, order instructing counsel to state their positions regarding the representation issue before the court.

### Background

On January 21, 2019, the defendants were charged in a criminal complaint with conspiracy to provide material support or resources to a designated foreign terrorist organization contrary to 18 U.S.C. § 2339B. At their initial appearance, the defendants requested court-appointed counsel. All three defendants were assigned counsel. Undersigned counsel was appointed to represent defendant Muse Abdikadir Muse.

A detention hearing in this matter was held on January 25, 2019. After three hours

of testimony, the court adjourned the hearing and scheduled it to continue on January 28, 2019. Due to inclement weather on January 28, the defendants filed a motion to adjourn the hearing. The Court granted the motion and re-scheduled the detention hearing to Thursday, January 31, 2019. Meanwhile, on January 29, 2019, a grand jury returned an indictment against the defendants charging all three of them with conspiring to provide material support or resources to a designated foreign terrorist organization contrary to 18 U.S.C. § 2339B(a)(1) in Count 1 and in Count 2 with attempting to provide material support to a designated foreign terrorist organization contrary to 18 U.S.C. § 2339B(a)(1). Defendant Muse Abdikadir Muse was also charged in Count 3 with making a false statement in a passport application contrary to 18 U.S.C. § 1542. The defendants were arraigned on January 31, 2019, and entered pleas of not guilty. Following the arraignment, the court completed the detention hearing. The court ordered that all of the defendants be detained.

On February 4, 2019, all three appointed counsel received an email from Attorney James Champion requesting that counsel sign a Consent to Substitute Counsel. When counsel realized that Mr. Champion was attempting to represent all three defendants, there was a concern that this posed a conflict of interest, so counsel did not sign the consent. On February 15, 2019, appointed counsel filed a joint motion to determine counsel. A hearing on that motion was held on February 28, 2019. Following the hearing, the court issued an order which provided that defense counsel of record and Mr. Champion shall confer to discuss representation of the defendants and that each attorney file their respective position on the matter of triple or duo representation.

## Law and Argument

Multiple representation of co-defendants does not necessarily violate the Sixth Amendment unless it gives rise to a conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980). However, the Supreme Court and the Sixth Circuit, as well as other courts, have recognized that the potential for conflict is serious, and that multiple representations may violate the Sixth Amendment right to counsel. "The Sixth Amendment guarantees the right to counsel in criminal proceedings, and a conflict of interest on the part of counsel representing two defendants may deprive the accused of the effective assistance of counsel." *United States v. Woods*, 544 F.2d 242, 268 (6th Cir. 1976) (citing *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457 (1942)).

The Supreme Court has cited ABA rules and comments on multiple representation, which strongly discourages lawyers from representing codefendants. *See Burger v. Kemp*, 483 U.S. 776, 799, 107 S. Ct. 3114, 3128 (1987); *Holloway v. Arkansas*, 435 U.S. 475, 486, n.8 and n.6, 98 S. Ct. 1173, 1179 (1978). The Michigan Rules of Professional Conduct also caution that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, or if his representation of that client may be materially limited by his responsibilities to another client. MRPC 1.9.

Confronted with and alerted to possible conflicts of interest, the Court must take adequate steps to ascertain whether the conflicts warrant separate counsel. *Wheat v. United States*, 486 U.S. 153, 160, 108 S. Ct. 1692 (1988). A district court has "substantial latitude" to deny a waiver of the conflict upon a "showing of a serious potential for conflict." *Id*. at 163-164.

## Opinion as to Actual Conflicts

1.) My client, Mr. Muse Abdikadir Muse, was interviewed by FBI agents for approximately four hours following his arrest. The Government has stated that Muse Abdikadir Muse has purportedly made inculpatory statements implicating himself and the other defendants. At this point, the government is in a position to provide further detail as to Mr. Muse's statement. The current FBI 302 does not provide this detail and the video recording of the interview with Mr. Muse is either inaudible or unintelligible.

2.) My client, Muse Abdikadir Muse, turned 20 years old in January. He is the younger brother of codefendant, Mohamud A. Muse who is twenty-three years old. He is the brother-in-law of codefendant Mohamed S. Hajib who is 26 years old. At different junctures in this case and for various reasons, that fact should be emphasized as it serves the best interests of Mr. Muse Abdikadir Muse even though doing so would not be in the best interests of the remaining two defendants.

3.) At the February 28, 2019, hearing on the representation motion, Mr. Champion indicated on the record that he was hired by the family because the family did not want the defendants to be blaming one another, or words to that effect. That statement itself raises the existence of a conflict as each defendant's best interests need to be advocated, not necessarily the wishes of a third party.

## Conferring with Counsel

Mr. Champion has been advised through email that the statements made by Muse Abdikadir Muse and Mohamed S. Haji are considered by court-appointed counsel as presenting an actual conflict. Mr. Champion has not taken advantage of court-appointed

4

counsel's offers to allow him to review the file and discuss this case.

## Conclusion

Counsel for Mr. Muse Abdikadir Muse believes that an actual conflict exists if three defendant's are represented by one attorney. As to whether the above-stated conflicts are waivable, counsel leaves that determination to the Court.

                                            Respectfully submitted,

                                            SHARON A. TUREK
                                            Federal Public Defender

Dated:  March 7, 2019                       /s/ Sharon A. Turek
                                            SHARON A. TUREK
                                            Federal Public Defender
                                            50 Louis NW, Suite 300
                                            Grand Rapids, Michigan  49503
                                            (616) 742-7420

Dated:  March 7, 2019                       /s/ James Stevenson Fisher
                                            JAMES STEVENSON FISHER
                                            Assistant Federal Public Defender
                                            50 Louis NW, Suite 300
                                            Grand Rapids, Michigan  49503
                                            (616) 742-7420